IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CHRISTOPHER W. BROADNAX,

        Plaintiff,

v.                                                                     CIV 99-806 JP/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

        Defendant.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      This matter is before the Court on Plaintiff's (Broadnax's) Motion to Reverse and Remand for a Rehearing *(Doc. 9)*. The Commissioner issued a final decision denying Broadnax's application for supplemental security income and disability insurance benefits. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, I find that the motion is well taken in part and recommend that it be granted.

**A. Facts/Procedural Background.**

      Broadnax was 29 years old when the Administrative Law Judge (ALJ) denied his November 14, 1994 applications for supplemental security income and disability insurance benefits. He alleged disability since February 1, 1991 due to right elbow problems, pain in his right arm, shoulder and calf, and depression. *AR 558*. The ALJ found under the grids that Broadnax could perform sedentary work despite his nonexertional impairments. *AR 453, 459*.

The Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner for purposes of review here.

Though not under review here, Broadnax had also applied for benefits May 13, 1991, alleging disability since December 21, 1988 due to his right elbow surgery and associated problems. The ALJ found him not disabled, but the New Mexico District Court remanded the case on June 24, 1996. However, Broadnax advised the ALJ in this present proceeding that he was dropping the appeal concerning the 1991 application, and had acquiesced in the *res judicata* effect of the earlier decision through December 16, 1993. *See Exhibit A, Memorandum in Support*. As a result, the present appeal concerns whether Broadnax was disabled between December 16, 1993 and June 1994, his last date of insured status.

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific

sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that: (1) he is not engaged in substantial gainful employment; (2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; (3) his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or (4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id*.

### C. Issues and Analysis

#### *1. The ALJ improperly rejected Dr. Fredman's psychiatric evaluation.*

Psychiatrist Gerald S. Fredman, M.D., evaluated Broadnax at the Commissioner's request. Although Dr. Fredman found Plaintiff normal in other areas, he assessed Broadnax as: paranoid, but not delusional; having a depressed mood with deficits in ability to calculate and short-term memory; suffering from rumination of suicide; and evidencing psychotic thinking, including paranoid ideations and hearing voices. *AR 678*.

Dr. Fredman diagnosed Broadnax with severe, recurrent major depression with psychotic features, and alcohol and cannabis abuse. He rated Broadnax's global functioning as 50, which indicated a severe impairment. Dr. Fredman found that Broadnax's symptoms made his potential for sustained work activity "poor. . . at this time." *Id*.

3

Nonetheless, the ALJ found that Plaintiff had "not demonstrated more than a mild depression. Broadnax faults the ALJ for giving no weight to Dr. Fredman's conclusions even though no medical evidence contradicted them. Indeed, the ALJ rejected Dr. Fredman's conclusions because the doctor did not mention the possibility that Broadnax's drug use was causing the symptoms. *AR 455*. Dr. Fredman had noted that Broadnax was "self-medicating with alcohol, valium, and cannabis." *AR 678*.

Nothing in Dr. Fredman's evaluation hints that Broadnax's depression resulted from his drug use; rather, the depression apparently began after a 1988 accident. *AR 678*. However, I disagree with Broadnax that Dr. Fredman concluded that he used drugs ***because*** he suffered from depression. Dr. Fredman's language simply does not make such a causal connection – his evaluation says nothing explicit about a cause-and-effect relationship between the self-medication and the depression.[1] Moreover, I am unaware of any rule requiring that the psychiatrist do so for his evaluation to be otherwise valid.

Thus, the ALJ's outright rejection of Dr. Fredman's diagnosis of severe depression was unfounded.[2] The ALJ should have considered first whether Broadnax's mental impairments were

---

[1] The only thing Dr. Fredman explicitly connected to Broadnax's depression was his 1988 accident and resulting physical injuries. Other evidence in the record suggests that Broadnax self-medicated for his physical pain. *AR 475-76*, *484-86*.

[2] Plaintiff cites to more than a half-page, single-spaced string of cases in this district where administrative law judges, when reviewing consultative examinations requested by the Commissioner, have allegedly ignored the results if they benefitted the claimants. The Commissioner urges the Court to strike these references, saying that they are improper. In the posture of this present case – a single administrative appeal – the references to the predilections of ALJ's in other cases are not particularly helpful. Plaintiff does not show how this trend should constitute grounds for his relief here. Nevertheless, since a Court can take judicial notice of its own rulings, *see Duhart v. Carlson,* 469 F.2d 471, 472 (10th Cir. 1972), I cannot say that Broadnax has done anything improper.

disabling or not, and then determined if Broadnax would have been disabled if he stopped using drugs and alcohol.  *See* 20 C.F.R. § 404.1535 and § 416.935.  Instead, the ALJ substituted his expertise for that of the examining psychiatrist, something he may not do.  *See Miller v. Chater, 99 F.3d 972, 977* (10th Cir. 1996).  For these reasons I recommend that the Court remand the case to the Commissioner for further proceedings.

### 2. *The ALJ properly discounted Broadnax's allegations of pain.*

Substantial evidence supported the ALJ's determination that Broadnax's allegations of pain were not credible to the degree he alleged.  While credibility determinations are peculiarly the province of the finder of fact, "'[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995), quoting *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).  The ALJ must "articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical.  *Kepler*, 68 F.3d at 391.

Strong, objective evidence supports the determination that Plaintiff was magnifying his pain symptoms.  *AR 579, 584, 587*.  Although Broadnax's injuries provide a reasonable nexus to his allegations of pain, *see Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987), other substantial medical evidence contradicted the degree of pain he alleged.  Such evidence includes normal nerve conduction studies, lack of atrophy in muscles and lack of abnormalities in the neck and back, and acceptable sensory reflexes and functions.  *AR 630-31, 650, 657-58*.  His range of motion was also very close to normal.  *AR 710*.  In fact, his treating physician limited him only to light work.  *AR 740*.  In sum, substantial evidence supported the ALJ's finding that Broadnax was

not credible concerning his pain.  I therefore recommend that the Court affirm the ALJ's decision on this point.

### Conclusion

For the foregoing reasons, I recommend that the Court remand the case to the Commissioner for further proceedings in which the ALJ will accord proper weight to Dr. Fredman's uncontroverted evaluation of severe depression, or give valid reasons for rejecting it in a new step-five analysis.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**   Francesca J. MacDowell
Gary J. Martone
A. Michelle Baca
Albuquerque, NM

**Counsel for Defendant:**   Mary F. Lin
Dallas, TX

Raymond Hamilton
Albuquerque, NM